IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEBORAH GARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-509 (MTT) |
| | ) |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) following the remand of her claim for social security benefits. (Doc. 20). The EAJA provides that a prevailing plaintiff may recover attorneys' fees incurred in a suit against the United States unless the position of the United States was "substantially justified or…special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A claimant who obtains a court order remanding her Social Security claim to the Commissioner for further proceedings is a prevailing party for purposes of the Equal Access to Justice Act. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). The Plaintiff initially sought $9,979.36 for 53.45 hours worked.[1] (Doc. 20-1 at 2-3).

The Commissioner does not dispute that the Plaintiff is entitled to attorneys' fees; however, the Commissioner contends the number of hours claimed is excessive because the issues involved in this case are not novel and the Plaintiff's counsel is

---

[1] The Plaintiff now seeks a total of $10,166.46 to account for the one hour spent preparing the reply brief to the Commissioner's objection. (Doc. 22 at 2-3).

experienced in social security disability litigation.  (Doc. 21).  Specifically, the Commissioner objects to the claim of 39.95 hours from April 1, 2013 to May 28, 2013 to prepare the Plaintiff's brief.  The Commissioner also takes issue with the Plaintiff's claim for hours spent working on the reply brief, which "consisted of restatements of the Commissioner's arguments followed by restatement of arguments already made in Plaintiff's initial brief."  (Doc. 21 at 4).  The time sheet submitted with the Plaintiff's motion shows that 5.20 hours were spent drafting and revising the reply brief.  (Doc. 20-3 at 4-5).  The Plaintiff argues that the Commissioner did not sufficiently specify which hours are "excessive" and that the number of hours spent was reasonable in light of the poor organization of the administrative record.

The EAJA allows for the award of "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue."  *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (discussing fee award under 42 U.S.C. § 1988).  "'[E]xcessive, redundant or otherwise unnecessary' hours" are excluded from the amount of fees claimed.  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (explaining reasonableness of hours expended in context of civil rights case).  "[E]xclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court."  *Id.*

The Court finds the 39.95 hours claimed to prepare the Plaintiff's brief reasonable in this case, particularly given the lack of specificity of the Commissioner's objection.  Though the Plaintiff's attorney is experienced in social security disability

litigation, this case involved two different administrative decisions and a record that the Commissioner supplemented with additional evidence not included with the initial administrative transcript filed.  However, the Court finds 5.20 hours to prepare a reply brief containing only four pages of actual argument excessive.  (Doc. 15).  The Court understands the record is lengthy; however, counsel had already combed through it when drafting the initial brief and the reply brief mostly restates the previous arguments.  Thus, the Court concludes that 2.60 of the 5.20 hours claimed are reasonable.[2]  Because counsel is already receiving fees claimed for 50.85 hours of work, the Court does not think it reasonable to award an additional $187.10 for the brief reply to the Commissioner's objection.

    For the foregoing reasons, the Plaintiff's motion for attorneys' fees (Doc. 20) is **GRANTED**.  It is **ORDERED** that the Plaintiff receive attorneys' fees in the amount of $9,491.76.

    **SO ORDERED**, this 22nd day of April, 2014.

    S/ Marc T. Treadwell
    MARC T. TREADWELL, JUDGE
    UNITED STATES DISTRICT COURT

---

[2] Counsel represents that $187.54 is the hourly rate for fees claimed during July 2013 when the reply brief was drafted.  (Docs. 20-1 at 3; 20-3 at 4-5).  Thus, $487.60—half the amount claimed for the reply brief—is reasonable.