IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEBORAH GARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-509 (MTT) |
| | ) |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b)(1) following the remand of her claim for Social Security benefits and subsequent determination by the Commissioner that she was entitled to disability benefits. (Doc. 26).

On December 6, 2014, the Court adopted the Recommendation of Magistrate Judge Charles H. Weigle to remand the Plaintiff's claim for Social Security disability benefits to the Commissioner for further consideration. (Docs. 17, 18). The Court subsequently awarded the Plaintiff $9,491.76 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 23). On remand, the Plaintiff was awarded past due benefits of $73,340.12,[1] of which 25% is $18,335.03. The Plaintiff requests a fee of $12,335.03, which is $18,335.03 minus an administrative fee of $6,000. The

---

[1] The letter from the Social Security Administration does not give the amount of past-due benefits, but states $18,335.03 was withheld in case the representative was entitled to payment, and explains it is customary to withhold 25% of past due benefits. (Doc. 26-3 at 5). The above amount of past-due benefits, represented in the Plaintiff's motion, is based on the withheld amount.

Commissioner does not oppose this amount, nor has the Commissioner objected to the motion's timeliness.[2]  (Doc. 27).

Under § 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S .C. § 406(b)(1)(A).  "In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph."  *Id.*  Attorneys' fees may be awarded pursuant to this subsection "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."[3]  *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir. 2006).

In many cases, attorneys' fees will also be available under the EAJA, which permits a prevailing party in a civil action brought by or against the United States to be

---

[2] Pursuant to M.D. Ga. L.R. 9.4, motions for attorneys' fees under 42 U.S.C. §§ 406(b) or 1383(d)(2) must be filed no later than 30 days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorneys' fees.  The letter from the Social Security Administration is dated December 26, 2015.  (Doc. 26-3 at 1).  The motion was filed on February 8, 2016.  Nevertheless, the Court considers the motion because the Commissioner has not objected to its timeliness.  Though the Commissioner has no financial stake, she is akin to a trustee for the Plaintiff.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[3] While § 406(b) controls awards for representation before a court, 42 U.S.C. § 406(a) controls fees for representation before the Commissioner.  The circuits are split on whether there is a combined 25% cap on fees awarded pursuant to § 406(a) and § 406(b) or whether the 25% limit only applies to fees awarded pursuant to § 406(b).  *See Clark v. Astrue,* 529 F.3d 1211, 1214-15 (9th Cir. 2008) (denoting split).  In *Dawson v. Finch,* 425 F.2d 1192 (5th Cir. 1970), the Fifth Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant."  *Id.* at 1195; *see also Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).  Thus, it remains the law in this circuit that fees awarded pursuant to § 406(a)(b) for representation before the Commissioner and the court may not exceed the 25% limit.  *See Paltan v. Comm'r of Soc. Sec.,* 518 F. App'x 673, 674 (11th Cir. 2013).

awarded fees and other expenses payable by the United States unless the government's position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  If the case is remanded, counsel may obtain an EAJA fee award before knowing whether § 406(b) fees will be available after remand.  "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796 (2002) (alteration in original) (internal quotation marks and citation omitted).  In lieu of the attorney refunding the smaller fee, the attorney may request an award under § 406(b) be reduced by the amount of an earlier EAJA award.  *Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268, 1274 (11th Cir. 2010).

Section 406(b) does not displace contingent-fee agreements between attorneys and Social Security claimants.  *Gisbrecht,* 535 U.S. at 807.  Such agreements, however, may not exceed 25% of the past-due benefits awarded, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*  To determine the reasonableness of the fee requested, courts may request the attorney submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.  Though the Supreme Court did not provide a list of factors for courts to consider, they did cite with approval cases in which courts reduced the fee requested "based on the character of the representation and the results the representative

achieved," such as if the attorney was responsible for delay or if the benefits received were large compared to the amount of time spent on the case. *Id.*

Plaintiff Deborah Garland and attorney Charles L. Martin entered into a fee agreement whereby the Plaintiff agreed to pay her attorney "25% of all back benefits paid me and my family for your work in court." (Doc. 26-4 at 3). The total time Martin spent on the case for representation in this Court was 53.45 hours.[4] (Doc. 26-6, ¶ 1). Martin states that his normal billing rate for non-contingent fee Social Security cases is $425.00 per hour. (Doc. 26-6, ¶ 5). He also avers that since 1985 at least 90% of his practice has been in the area of Social Security law. (Doc. 26-6, ¶ 4). Because the Plaintiff's claim for benefits was initially denied, it is unlikely she would have been successful without the attorney's efforts in this Court. As discussed above, these efforts resulted in back benefits of approximately $73,340.12. There is no indication the attorney was responsible for undue delay, and the fee is not so large as to be an unreasonable windfall.

Therefore, the Court concludes that the requested fee of $12,335.03 is reasonable, and the Plaintiff's motion for attorney's fees is **GRANTED**. (Doc. 26). Counsel is **DIRECTED** to refund to the Plaintiff the Court's prior award of $9,491.76 in attorney's fees as required by the EAJA.

**SO ORDERED**, this 25th day of March, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] EAJA attorney's fees were only awarded for 50.85 hours. (Doc. 23 at 3).